(December 22, 1982)

■ In the Matter of ALEX WILTSE, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on January 8, 1948 and maintains an office for the practice of law in Catskill, Greene County. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. Respondent cross-moves to confirm the findings favorable to him and disaffirm those that are unfavorable. The hearing Judge found that respondent deposited clients' funds in an account that was not identifiable as one maintained for the deposit of clients' funds (Charge No. 3), and failed to maintain complete records, to render appropriate accounts and to promptly pay moneys due a client (Charge No. 2). He refused to sustain the charge that respondent, pending the resolution of a dispute as to his fee, converted a portion of the moneys that he was holding for a client (Charge No. 4). These findings are supported by the evidence and should be confirmed. The hearing Judge also found that respondent converted $1,000 from moneys received by him for the sale of a client's securities (Charge No. 1). Respondent disputes this finding, relying on testimony given by him at an examination before petitioner prior to the commencement of this proceeding. There he testified that he and his client's sister, who held a power of attorney and was handling her affairs, agreed that he could retain, as part of his fee for services, the balance of $1,000 which he was then holding from the sale of the securities. His client's sister did not testify and, therefore, respondent's testimony as to their agreement is uncontroverted. Accordingly, we find the evidence insufficient to establish a conversion and we dismiss Charge No. 1. In determining an appropriate sanction for respondent's misconduct, we note in partial mitigation that none of his clients appear to have suffered any financial loss. In addition, we have taken into consideration the fact that, except for a recent admonition by petitioner, respondent's record as a member of the Bar for 34 years, which includes service as the District Attorney of Greene County for seven years, is unblemished. Under all the circumstances, we have concluded that the ends of justice will be adequately served by a censure. Respondent censured. Sweeney, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.